IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:11-CV-33-FL

| | | |
|---|---|---|
| EDWARD E. LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on motion for attorney's fees filed by plaintiff's counsel, Lawrence Wittenberg, pursuant to 42 U.S.C. § 406(b)(1). Defendant filed a response that neither supports nor opposes the request, but notes it is for the court to decide if the request is reasonable under the law. In this posture the matter is ripe for ruling.

**BACKGROUND**

In the underlying litigation, plaintiff challenged defendant's final decision denying his application for disability benefits and supplemental security income. Plaintiff filed a complaint on June 29, 2011, and defendant answered. Plaintiff filed a motion for judgment on the pleadings accompanied by a memorandum of law in support thereof. Defendant filed a cross motion for judgment on the pleadings. Upon consideration of the motions, on August 13, 2012, the court ordered that the case be remanded back to defendant for further proceedings.

On September 27, 2012, the court awarded plaintiff $ 3,500.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). On February 9, 2014, defendant issued a favorable decision approving plaintiff's application for benefits, awarding plaintiff past due benefits totaling $68,440.90.

On February 28, 2014, plaintiff's counsel filed a motion for attorney's fees under 42 U.S.C. § 406(b), seeking to recover, as an attorney fee, less than 25 percent of the total benefits awarded, or $11,110.23. In support of his motion for attorney's fees, counsel attaches the benefits award, as well a declaration previously submitted as part of counsel's request for EAJA fees. Counsel states that upon receipt of the § 406(b) fee award, counsel will reimburse to plaintiff the amount that counsel previously received as part of counsel's request for EAJA fees. With this reimbursement, counsel's net additional fee will be $7,610.23. Defendant filed a response that neither supports nor opposes the request, but notes it is for the court to decide if the request is reasonable under the law.

**DISCUSSION**

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 % of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.A. § 406(b)(1)(A). The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in a particular case." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

"[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Mudd v. Barnhart, 418 F.3d 424,

2

428 (4th Cir. 2005) (quoting Gisbrecht, 535 U.S. at 808). In reviewing the request for fees, a "reviewing court should disallow 'windfalls for lawyers.'" Gisbrecht, 535 U.S. at 808 (quoting Rodriguez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989)).

Although there is no bright-line test for determining whether a fee will result in a "windfall," this court has considered several factors, including "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." Perrigo v. Astrue, 5:08-CV-626-FL, 2012 WL 3903896 *4 (E.D.N.C. May 22, 2012) (quotations omitted); Abernathy v. Astrue, No. 4:08–CV–99–FL, 2011 WL 488657, at *2 (E.D.N.C. Feb. 7, 2011); see Mudd, 418 F.3d at 428 (identifying factors relevant to reasonableness as "the overall complexity of the case, the lawyering skill necessary to handle it effectively, the risks involved, and the significance of the result achieved in the district court.").

In this case, the court finds the fee reasonable based on consideration of all these factors. The fee is in line with the contingency-fee character of the representation and the results achieved, where counsel achieved a successful remand resulting in an award of benefits for plaintiff. Counsel did not unreasonably delay during the pendency of the case in court. The record evidences significant effort by counsel through pleadings which were not boilerplate, and through arguments which involved both real issues of material fact and required legal research. In addition, counsel evidences efficient handling of this case through experience in representing clients in other social security cases.

3

In addition, the court finds that effective hourly rate of $555.51 (awarding $11,110.23 for 20 hours of work) is not so substantially out of line with fee awards in other social security cases in the Fourth Circuit as to amount to a "windfall" here. See, e.g., Mudd, 418 F.3d at 426-27, 428 (upholding the district court's award of $12,231.50 for 16.6 hours of work (effective hourly rate of $736.83)); Washington v. Colvin, 5:08-CV-55-FL, 2013 WL 1810586 *3 (E.D.N.C. April 29, 2013) (awarding $23,165.50 for 24 hours of work (effective hourly rate of $965.23 per hour)); Perrigo, 5:08-CV-626-FL, 2012 WL 3903896 *2 n.1 & *5 (E.D.N.C. May 22, 2012) (awarding $18,629.25 in fees for 22 hours (effective hourly rate of $846.78)); Claypool v. Barnhart, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va., Oct. 9, 2003) (approving requested award of $18,000.00 for 12.56 hours (effective hourly rate of $1,433.00)); Thompson v. Barnhart, 240 F. Supp. 2d 562, 563, 565-66 (W.D. Va. Jan. 15, 2003) (approving requested award of $9,447.25 for 10.12 hours (effective hourly rate of $933.00)); but see Cooper v. Astrue, 4:09-CV-177-D, 2012 WL 2872446 *3 (E.D.N.C. July 12, 2012) (reducing fee request of $8,988 to $6,875, on basis that effective hourly rate of $359.52 for 25 hours of work is unreasonable, and employing effective hourly rate of $275).

In sum, the court finds reasonable the $11,110.23 fees requested in this case. Accordingly, plaintiff's counsel will be awarded fees in this amount where they fall under the statutory maximum of 25 % of the total benefits awarded, pursuant to 42 U.S.C. § 406(b). Where counsel was awarded prior EAJA fees, counsel will be required to "refund[] to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 807.

## CONCLUSION

For the foregoing reasons, plaintiff's counsel's motion for approval of attorney's fees is ALLOWED in the full amount requested of $11,110.23. The Commissioner shall release to

4

Case 2:11-cv-00033-FL   Document 48   Filed 05/02/14   Page 4 of 5

plaintiff's counsel the sum of $11,110.23 as attorney's fees for services rendered before this court.

Counsel shall refund to plaintiff $3,500.00, the amount awarded pursuant to EAJA.

    SO ORDERED, this the 1st day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

5

Case 2:11-cv-00033-FL   Document 48   Filed 05/02/14   Page 5 of 5